IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**RAYMOND JOHNSON,**

    **Petitioner,**

v.

**WILLIAM "CHRIS" RANKINS, Warden,**

    **Respondent.**

Case No. 25-CV-004-RAW-DES

## OPINION AND ORDER

Petitioner Raymond Johnson ("Johnson"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Bryan County District Court Case No. CF-2017-402. *See* Dkt. 1. Specifically, Johnson contends he is "actually innocent, the suppressed evidence proves this" and his trial counsel was ineffective for failing to discover the planted evidence. *Id.* at 5-6. Having considered Johnson's Petition for Writ of Habeas Corpus ("Petition") (Dkt. 1), Respondent William "Chris" Rankins's ("Rankins") Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred by the Statute of Limitations ("Motion") (Dkt. 9), Respondent's Brief in Support of Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (Dkt. 10), the record of state-court proceedings provided by Rankins (Dkts. 10-1 through 10-18), Johnson's Reply to Rankins's Motion (Dkts. 12 and 13) and applicable law, the Court finds and concludes that Rankins's Motion shall be GRANTED.

## BACKGROUND

On February 4, 2020, a Bryan County jury found Johnson guilty robbery with a weapon after former conviction of two or more felonies. Dkt. 10-1 at 7; *see also* Dkt. 10-2. Following the entry of the Judgment and Sentence, the following post-conviction proceedings ensued:

| Date | Case No. | Event | Citation |
| --- | --- | --- | --- |
| February 28, 2020 | Bryan Cnty. Dist. Ct. CF-2017-402 | Sentenced. | Dkt. 10-2 |
| August 12, 2021 | Okla. Crim. App. F-2020-180 | Judgment and sentence affirmed. | Dkt. 10-8 |
| September 14, 2021 | Okla. Crim. App. F-2020-180 | Petition for Re-hearing denied. | Dkt. 10-10 |
| October 12, 2021 | Bryan Cnty. Dist. Ct. CF-2017-402 | Pro Se Motion for Suspended Sentence filed. | Dkt. 10-11 |
| December 28, 2021 | Bryan Cnty. Dist. Ct. CF-2017-402 | Motion for Suspended Sentence denied. | Dkt. 10-12 |
| May 1, 2024 | Bryan Cnty. Dist. Ct. CF-2017-402 | Application for Post-Conviction Relief filed. | Dkt. 10-13 |
| June 5, 2024 | Bryan Cnty. Dist. Ct. CF-2017-402 | Application for Post-Conviction Relief denied. | Dkt. 10-14 |
| August 7, 2024 | Okla. Crim. App. PC-2024-591 | Petition in Error appealing denial of Application for Post-Conviction Relief filed. | Dkt. 10-15 |
| September 9, 2024 | Okla. Crim. App. PC-2024-591 | OCCA declined jurisdiction and dismissed the Petition in Error. | Dkt. 10-16 at 2. |
| October 16, 2024 | Bryan Cnty. Dist. Ct. CF-2017-402 | Johnson filed a Motion for Referral requesting his case be referred to the Oklahoma Indigent Defense System. | Dkt. 10-17 |
| January 6, 2025 | E.D. Okla. Case No. 25-CV-004-RAW | Petition filed. | Dkt. 1 |
| February 27, 2025 | Bryan Cnty. Dist. Ct. CF-2017-402 | Motion for Referral denied. | Dkt. 10-18 |

Based upon the above-described procedural history, Rankins, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, contends Johnson's Petition is time-barred. Dkts. 9 and 10. Specifically, Rankins argues Johnson's Petition is untimely pursuant to 28 U.S.C. § 2244(d), Johnson is not entitled to equitable tolling, and Johnson does not satisfy the actual innocence gateway. *See* Dkt. 10. The court agrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

I.   **28 U.S.C. § 2244(d)(1)(A)**

Johnson failed to initiate the instant Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). As detailed above, Johnson's judgment and sentence was affirmed August 12, 2021. Dkt. 10-8. The OCCA denied his Petition for Re-Hearing on September 14, 2021. Dkt. 10-

10. Johnson did not seek a writ of certiorari from the United States Supreme Court within ninety days after the OCCA denied his Petition for Re-Hearing. Sup. Ct. R. 13. Therefore, Johnson's criminal judgment became final on December 13, 2021, ninety days after September 14, 2021. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[P]etitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until— following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citations and quotations omitted)); *see also Weibley v. Kaiser,* 50 F. App'x 399, 402 (10th Cir. 2002)[1] ("For purposes of § 2244(d)(1)(A), [petitioner's] conviction became final . . . ninety days after the OCCA denied his petition for rehearing."). Johnson's one-year period to file a petition for writ of habeas corpus began December 14, 2021, and absent statutory tolling, expired December 14, 2022. The court therefore finds, absent any tolling events, the Petition, filed January 6, 2025 (Dkt. 1) is untimely under 28 U.S.C. § 2244(d)(1)(A).[2]

## II.     28 U.S.C. § 2244(d)(2)

Pursuant to § 2244(d)(1)(A), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*,

---

[1] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).
[2] Johnson did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). Therefore, the court does not analyze these subsections.

4

468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by the AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

To the extent Johnson's Motion for Suspended Sentence (Dkt. 10-11) was properly filed and entitles him to any statutory tolling, his Petition is still untimely. The Motion for Suspended Sentence was filed October 12, 2021, his conviction became final on December 13, 2021, and his Motion for Suspended Sentence was denied December 28, 2021. Dkts. 10-11 and 10-12. Therefore, Johnson is only afforded fifteen days of statutory tolling from December 13, 2021, to December 28, 2021. *Vickers v. Bear,* Case No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (noting that a post-conviction application filed before conviction was final "had no tolling effect until . . . the first day of the statutory year.") Therefore, giving Johnson the benefit of these fifteen days of statutory tolling, or until December 29, 2022, still does not render his January 6, 2025 Petition timely.

Further, his Application for Post-Conviction Relief relief was not filed until May 1, 2024. Dkt. 10-13. Therefore, the Application for Post-Conviction Relief did not provide Johnson any statutory tolling. *Clark*, 468 F.3d at 714. Accordingly, Johnson's January 6, 2025 Petition, filed well beyond the December 2022 deadline, is untimely under 28 U.S.C. § 2244(d)(1)(A).[3]

## III.   Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the

---

[3] Importantly, Johnson appears to concede his Petition is untimely pursuant to 28 U.S.C. § 2244(d). *See* Dkt. 13 at 6 ("neither § 2244(d)(1)(A) nor § 2244(d)(2) apply in the instant case where Mr. Johnson presents credible evidence of actual innocence.").

failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citations omitted).

Rankins argues Johnson is not entitled to any equitable tolling. *See* Dkt. 10 at 18-22. In his Reply, Johnson states, "he does not seek equitable tolling[.]" Dkt. 13 at 7. Therefore, the court accepts Johnson's representation and concludes Johnson is not entitled to equitable tolling.

IV.     **Actual Innocence**

While Johnson did not directly address the timeliness of his Petition (*see* Dkt 1, generally), Johnson does raise actual innocence within the grounds he presents. *See* Dkt. 1 at 5-6. Further, Johnson extensively addresses the actual innocence gateway in his Reply. *See* Dkt. 13. Affording Johnson the benefit of liberal construction, the court analyzes whether Johnson can pass through the actual innocence gateway. Rankins contends Johnson has not presented any new evidence to support his assertion. *See* Dkt. 10 at 24-26.

The Tenth Circuit recognizes the "fundamental miscarriage of justice exception" is "commonly known as a showing of actual innocence[.]" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). To avail himself to this exception a petitioner must make a colorable showing of factual innocence, not legal innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than

6

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031 (quoting *Schulp*, 513 U.S. at 324).

### A. Presumption of correctness

First, Johnson failed to rebut the presumption of correctness of the OCCA's factual findings. 28 U.S.C. § 2254(e)(1). Johnson argues he is actually innocent, has never been to the gas station where the robbery took place and Detective Laxton planted the Mountain Dew bottle with his DNA at the crime scene. Dkt. 1 at 5-6. Johnson contends video evidence supports his position. *Id.* Johnson presented this contention to the OCCA on direct appeal. Dkt. 10-4. The OCCA considered Johnson's argument and explained:

> A recitation of the facts is necessary here. The clerk at the E-Z Mart in Durant, Oklahoma was robbed at gunpoint on January 4, 2016. The robber came in and purchased a Mountain Dew White-Out soda at about 9:00 a.m. He then went outside for about twenty minutes, stood at the far side of the ice cooler, then re-entered the store. He brought more merchandise to the counter and pulled out a pistol. The clerk gave him the contents of the register. All of this was caught on multiple cameras but the robber could not be identified because he was wearing a cap and a covering over his nose and mouth.
>
> The investigating detective arrived and retrieved a Mountain Dew White-Out soda bottle from the parking lot. The bottle had been smashed and was right next to the detective's vehicle. Appellant claims that the video shows the detective reaching into his vehicle and dropping the bottle next to his vehicle. The bottle was tested and contained Appellant's DNA.
>
> The video from the various cameras was introduced as evidence. The video of the parking lot shows a bottle move from where Appellant was standing into the parking lot. The bottle is visible near where it is collected by the detective before

7

> the detective arrives at the scene. At one point a vehicle pulling into the parking spot, where the detective would later park, runs over the bottle.
>
> In viewing the video, **we find that Appellant's claim is patently false. The video does not show the detective planting evidence as he claims**. On the contrary, the video shows that the bottle was in the parking lot prior to the detective's arrival. Appellant cannot show that plain error occurred because there is no error that is plain or obvious.
>
> \*\*\*
>
> **The assessment of the video on appeal is, again, patently false. The video is clear there is no evidence planting. The bottle is there before the detective arrives.**

Dkt. 10-8 at 2-5 (emphasis added, footnote omitted).[4]

To overcome the OCCA's factual findings, Johnson must rebut the factual findings by "clear and convincing evidence." *Fontenot*, 4 F.4th at 1018. "Clear and convincing is an intermediate standard of proof satisfied by evidence that would place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." *Id.* (internal quotations and citations omitted). "[T]his standard is demanding[.]" *Id.* (internal quotations and citations omitted).

Johnson argues, "the OCCA's adjudication of Mr. Johnson's claim of actual innocence, where he presented new evidence of material fact, resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Dkt. 13 at 12. However, this assertion is insufficient to meet the demanding standard

---

[4] The state district court has subsequently reiterated the falsity of Johnson's position. The state district court denied Johnson's motion for suspended sentence noting, "the Defendant repeats this falsehood to this Court seeking relief in the form of a suspended sentence. The Defendant's false claim . . . and his request for relief are offensive to this Court and to the integrity of the officer about whom the Defendant has now repeated this fabricated claim. The evidence absolutely does not show what the Defendant claims it shows, and the Defendant's assertion that it does has now been rejected by the Trial and Appellate Courts." Dkt. 10-12 at 1.

required to rebut the OCCA's factual finding by clear and convincing evidence. For this reason, Johnson cannot avail himself to the actual innocence gateway.

### B. New, reliable evidence

As noted above, to utilize the actual innocence gateway, Johnson must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031. First and foremost, Johnson provides no evidence with his Petition. *See* Dkt. 1. Johnson alleges pictures and video evidence prove his innocence. *Id.* at 5-6. However, Johnson did not provide the court with this evidence. For this reason, Johnson has failed to carry his burden.

Further, the evidence Johnson points to is not new. In his brief on direct appeal, his appellate counsel conceded, "[t]rial counsel confronted Laxton with screenshots showing no bottle was present either before or after the robbery (TrI 232-234; D Exh 1, 2)." Dkt. 10-4 at 10. The OCCA noted, "[t]he video from the various cameras was introduced as evidence." Dkt. 10-8 at 3. Accordingly, this evidence was presented at trial and cannot be utilized to access the actual innocence gateway. For all these reasons, Johnson failed to satisfy the demanding evidentiary requirements necessary to prevail on his actual innocence gateway claim.

### CONCLUSION

The court finds and concludes Johnson's Petition (Dkt. 1) is time-barred and Johnson has not satisfied the requirements to pass through the actual innocence gateway. The court therefore dismisses the Petition. The court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Furthermore, having dismissed Johnson's Petition as time-barred, the court declines to appoint Johnson counsel. *See* Dkt. 4 (Motion for Appointment of Counsel); *see also Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion.").

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 9) is **GRANTED**; a certificate of appealability is **DENIED**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that Johnson's Motion for Appointment of Counsel (Dkt. 4) is **DENIED**.

**DATED** this 16th day of December, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE